No. 24-0102

In the

# United States Court of Appeals
## For the Sixth Circuit

---

AARON HALL, KATHERINE GLOD, and JEFFREY BINDER, on behalf of themselves and all others similarly situated,

*Plaintiffs-Respondents*,

v.

TRIVEST PARTNERS L.P. and TGIF POWER HOME INVESTOR, LLC,

*Defendants-Petitioners*,

and

WILLIAM JAYSON WALLER,

*Defendant.*

---

From the United States District Court for the Eastern District of Michigan
Case No. 4:22-cv-12743
(The Honorable F. Kay Behm)

---

### ANSWER TO PETITION FOR PERMISSION TO APPEAL UNDER 28 U.S.C. § 1292(b)

---

Nicholas A. Coulson

**Liddle Sheets Coulson P.C.**
975 E. Jefferson Avenue
Detroit, MI 48207
Telephone: (313) 392-0015

*Counsel for Plaintiffs-Respondents*

# TABLE OF CONTENTS

INTRODUCTION ..............................................................1

QUESTION PRESENTED ...................................................3

BACKGROUND ..............................................................3

STANDARD FOR GRANTING PERMISSION TO APPEAL ..........................6

REASONS FOR DENYING THE PETITION ....................................7

    I.    No Potential Outcome Here Could Result in the Dismissal of this Case..............................................................7

    II.    The Appeal Does Not Involve a Controlling Question of Law, And an Immediate Appeal Cannot Materially Advance the Termination of the Litigation............................................. 10

    III.    While Two Federal Courts of Appeal Have Disagreed on the Underlying Issue, There is No Intra-Circuit Split Amongst District Courts Within the Sixth Circuit. ............................. 16

    IV.    The Underlying Question Was Correctly Decided Below and is Not "Cleanly Presented."............................................ 18

CONCLUSION ............................................................ 20

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                        Page(s)

*A. Olinick & Sons v. Dempster Bros.,* 365 F.2d 439 (2d Cir. 1966) ........................8

*Am. Trade Partners, L.P. v. A-1 Int'l Importing Enterprises, Ltd.*,
 755 F. Supp. 1292 (E.D. Pa. 1990) ..........................................................19

*Anthony v. Van Over*,
2023 U.S. Dist. LEXIS 176603 (E.D. Tenn. Sep. 27, 2023).............................18,19

*ASI, Inc. v. Aquawood, LLC*,
2021 U.S. Dist. LEXIS 21420 (D. Minn. Feb. 4, 2021) .........................................14

*Bufalino v. Kennedy*, 273 F.2d 71 (6th Cir. 1959)..............................................8

*Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*,
788 F.2d 535 (9th Cir. 1986) ............................................................17, 19

*Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.,*
692 F.3d 469 (6th Cir. 2012) .........................................................9

*Cory v. Aztec Steel Bldg., Inc.,* 468 F.3d 1226 (10th Cir. 2006) .......................18, 20

*C.T. v. Red Roof Inns, Inc.*,
2022 U.S. Dist. LEXIS 233795 (S.D. Ohio Dec. 30, 2022)...................................13

*DeSouza v. JP Morgan Chase Home Lending Div.,*
2014 WL 186900 (S.D. Ohio Jan. 14, 2014) ............................................10

*Doe v. ProMedica Health Sys.*,
2020 U.S. Dist. LEXIS 244914 (N.D. Ohio Dec. 14, 2020) ............................13, 14

*Doe v. UPMC*,
2020 U.S. Dist. LEXIS 176222 (W.D. Pa. Sep. 25, 2020) ....................................14

*Doe v. Varsity Brands, LLC*,
2023 WL 4935933 (N.D. Ohio Aug. 2, 2023)..................................................4,5,18

*Enginetec Corp. v. Boutin*,
2008 WL 11380215 (N.D. Ohio Dec. 5, 2008) ........................................17

*Flynn v. Greg Anthony Constr. Co.*,
95 F. App'x 726 (6th Cir. 2003) ................................................. 2, 9-11

*Gerboc v. ContextLogic, Inc.*, 867 F.3d 675 (6th Cir. 2017)..................................11

*Gilmore v. Jones*, 2019 WL 4417490 (W.D. Va. Sept. 16, 2019) .........................15

*High Adventure Ministries, Inc. v. Tayloe*,
309 F. Supp. 3d 461 (W.D. Ky. 2018)..................................................16

*In re Baker & Getty Fin. Servs.*,
954 F.2d 1169 (6th Cir. 1992) ................................................10

*In re City of Memphis*, 293 F.3d 345 (6th Cir. 2002) ........................................6, 10

*In re Flint Water Cases*,
2018 WL 10467299 (E.D. Mich. Oct. 31, 2018)..............................................10, 11

*In re Somberg*, 31 F.4th 1006 (6th Cir. 2022) ........................................6, 7

*In re Trump*, 874 F.3d 948 (6th Cir. 2017)........................................6, 12

*Ingram v. Wayne Cnty., Michigan*, 81 F.4th 603 (6th Cir. 2023)............................6

*Kerman v. Chenery Assoc. Inc.*,
2007 WL 2363283 (W.D. Ky. 2007) ........................................17

*Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105 (3d Cir. 2020) ..........................20

*M11 Motors, LLC v. UP Trading, LLC*,
2017 WL 6624509 (N.D. Ohio Dec. 28, 2017) ........................................17

*Magic Toyota, Inc. v. Se. Toyota Distributors, Inc.*,
 784 F. Supp. 306 (D.S.C. 1992)..................................................20

*McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251 (11th Cir. 2004) ......................12

*Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*,
40 F.4th 432 (6th Cir. 2022) ................................................................. 4, 15, 18-20

*Rexam Healthcare Packaging, Inc. v. Osiris Med., Inc.*,
2010 WL 819063 (N.D. Ohio Mar. 9, 2010) ....................................................4, 5, 18

*Rolls-Royce Corp. v. Heros, Inc.*,
576 F. Supp. 2d 765 (N.D. Tex. 2008) ...................................................................20

*Skil Corp v. Millers Falls Co.*, 541 F.2d 554 (6th Cir. 1976)...................................7

*Terry v. J.D. Streett & Co.*,
2010 U.S. Dist. LEXIS 161385 (E.D. Mo. Nov. 19, 2010) ....................................13

*Tieszen v. eBay, Inc.*, 2022 WL 79820 (D.S.D. Jan. 6, 2022),
*appeal dismissed*, 2022 WL 2793140 (8th Cir. Feb. 10, 2022).............................15

## **Statutes**

28 U.S.C. § 1292 ......................................................................................................8

28 U.S.C. § 1292(b) ............................................................................................. 6-9

18 U.S.C. § 1965.................................................................................................17, 20

18 U.S.C. § 1965(a) ................................................................................................20

18 U.S.C. § 1965(b) ...........................................................................................12, 20

18 U.S.C. § 1962(a) .................................................................................................4

18 U.S.C. § 1965(b) ...............................................................................................12

*Fed. Prac. & Proc.* § 3930 (3d ed. 2017) ........................................................12, 14

# INTRODUCTION

There is a simple, glaring reason that the Court should not grant Defendants-Petitioners' ("Defendants'") Petition. If the Petition were granted *and* this Court reversed the district court, the case could not be dismissed, rather transfer would be mandatory. This is because Defendants' argument on the merits—that the district court lacks jurisdiction if there is another district in which the case could have been brought without resorting to RICO Jurisdiction—can only succeed if it is determined that there is another such district. If this Court reversed the district court, and if it were determined that this action could have been brought in a different district (which Appellees dispute)[1], the *only* possible result would be transfer to that district. As a result, granting leave to appeal cannot under any circumstances expedite the ultimate disposition of this action, and Defendants therefore cannot satisfy the test for permission to appeal.

In its Order Granting Defendants' Motion for Certificate of Appealability, the district court rejected Plaintiffs-Respondents' ("Plaintiffs'") argument that an appeal

---

[1] Trivest argues that the case could have been brought in a district court in Florida. But non-appealing Defendant Waller has already challenged the district court's exercise of personal jurisdiction over him in Michigan. Waller's Motion for Judgment on the Pleadings, RE 36. Waller lived in Michigan, ran the RICO scheme at the heart of this case from Michigan, and caused the Plaintiffs' injuries exclusively in Michigan. Complaint, RE 1; Declaration of David Lewenz, RE 41. There is absolutely no reason to conclude that a Florida district court could exercise personal jurisdiction over him under the circumstances.

would not materially advance the litigation's ultimate termination because the necessary result would be transfer and not dismissal. Order Granting Motion for Certificate of Appealability, Defendant's Addendum ("Add.") 33. It held that "Defendants have not sought a transfer of venue. Instead, they seek dismissal of all claims against them based on a lack of personal jurisdiction. Such a ruling in their favor would materially advance the termination of this litigation against them." *Id.* Relatedly, the Court found that "[i]f the Sixth Circuit were to disagree with this court's conclusion [regarding RICO jurisdiction], it would likely result in a dismissal of this action against Defendants Trivest and TGIF Home Power." Add. 42.

The notion that a defendant must request transfer for transfer to issue in lieu of dismissal is incorrect and contrary to plain Sixth Circuit precedent. What Defendants have sought is not relevant. Dismissal of an action for lack of personal jurisdiction, where transfer is a viable option, is an abuse of discretion. *Flynn v. Greg Anthony Constr. Co.*, 95 F. App'x 726, 741 (6th Cir. 2003). If this Court finds that the district court lacks jurisdiction over the Trivest Defendants, the sole permissible remedy would be to transfer the action to the court that does have jurisdiction. Of course, if it were determined that no court had such jurisdiction, this entire dispute would be obviated because that conclusion would clearly confer jurisdiction upon the district court.

## QUESTION PRESENTED

Whether the Court should grant permission to appeal the district court's application of the "ends of justice requirement" related to RICO jurisdiction, where even a favorable ruling for Defendants-Petitioners would not result in the dismissal of any portion of the action.

## BACKGROUND

Plaintiffs, three Michigan residents who purchased defective home solar power systems from an enterprise controlled by Defendants, filed this case on November 13, 2022, alleging claims under RICO and the Michigan Consumer Protection Act. Complaint, RE 1, PageID# 1-35. Two of the three Defendants (the Petitioners) filed a motion to dismiss on numerous bases, but as relevant here, on a purported lack of personal jurisdiction. Trivest Motion to Dismiss, RE 17. PageID# 124-132. Curiously, they argued exclusively against the presence of traditional personal jurisdiction without so much as mentioning RICO jurisdiction. *Id.* Plaintiffs responded by outlining the requirements for RICO personal jurisdiction (Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss, RE 18), to which Defendants responded for the first time in their reply. (Defendants' Reply in Support of Motion to Dismiss, RE 20).

Following a hearing, the district court denied Defendants' motion.[2] Order Granting in Part and Denying in Part Motion to Dismiss, Add. 1. Rejecting one of the arguments raised by Defendants for the first time in their reply, the district court noted that "Defendants also contend that Plaintiffs must show that no other district can host the litigation. Defendants point to *Peters Broadcast* in support of this argument, but *Peters Broadcast* contains no such holding. Indeed, the Sixth Circuit declined to address the parameters of the term "interests of justice." Add. 22 (citing *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 440 n.4 (6th Cir. 2022)). The district court did, however, acknowledge a split of authority as between the Ninth and Tenth Circuits on the application of the "ends of justice" requirement, and whether it requires a showing that no other district court could host the litigation without resorting to RICO jurisdiction. *Id.* It identified two cases from within the Sixth Circuit, *Doe v. Varsity Brands, LLC*, 2023 WL 4935933 (N.D. Ohio Aug. 2, 2023) and *Rexam Healthcare Packaging, Inc. v. Osiris Med., Inc*., No. 3:09-CV-1584, 2010 WL 819063 (N.D. Ohio Mar. 9, 2010), both of which followed the Tenth Circuit's approach, which does not require a plaintiff to make such a showing. Add. 23. It concluded that "[t]his court agrees with the reasoning in *Varsity Brands* and *Rexam* and will follow the Tenth Circuit standard." *Id.*

---

[2] The district court dismissed Plaintiffs' 18 U.S.C. § 1962(a) claims, which Plaintiffs voluntarily abandoned.

In its order, the district court incorrectly opined that "it appears that this case could have been brought in Florida" (without considering the inability of a Florida district court to exercise personal jurisdiction over Defendant Waller, who was not party to the motion), but determined that while it was available, transfer was unnecessary and would impose undue delay. Add. 24.

To be clear, there is no way this action could have been brought in Florida. It involves Michigan Plaintiffs, Michigan property, and the conduct of a racketeering enterprise by a person who is not a Florida citizen and was, at the time of such conduct, physically present in Michigan for both residential and "business" purposes. Complaint, RE 1, PageID#3-4, 21-22, ¶¶ 10-12, 15, 19, 90-92, 103; Declaration of David Lewenz, RE 41, PageID# 484-485 ("Jayson's primary Power Home Solar office was at the Troy [Michigan] office, where among other things the company's commercial division was headquartered…all or most of Power Home Solar's advertising between 2018 and 2020 originated from Michigan, where Jayson designed and approved it.") But even if it could have been brought in Florida, and even if this Court ultimately disagrees with the district court's application of the "ends of justice" requirement, this case would be transferred, not dismissed. As a result, Defendants cannot satisfy two of the three requirements for granting permission to appeal.

## STANDARD FOR GRANTING PERMISSION TO APPEAL

Appellate jurisdiction "usually encompasses final judgments alone[,]" with few exceptions. *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022). "Among them is § 1292(b), which authorizes interlocutory review under specific circumstances. To qualify, a district court must find three things: (1) The appeal 'involves a controlling question of law,' (2) there is a 'substantial ground for difference of opinion' about the answer, and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Id.* (quoting 28 U.S.C. § 1292(b)). "If the district court certifies an order, [this Court] may exercise [its] discretion to review it. The three criteria listed in § 1292(b) along with 'other prudential factors' guide [this Court's] discretion." *Id.* (citing *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017)).

"Review under § 1292(b) is granted sparingly and only in exceptional cases." *Ingram v. Wayne Cnty., Michigan*, 81 F.4th 603, 612 (6th Cir. 2023) (quoting *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)). It is not enough that the appeal has the potential to change the course of the litigation. "No doubt, an immediate appeal has the potential to alter this litigation's path and outcome, just as an appeal of almost any controlling question of law would. But immediate review will not accelerate *its end* in this instance. Under these circumstances, the preference for final judgments wins out." *In re Somberg*, 31 F.4th at 1009 (emphasis added).

## REASONS FOR DEN YING THE PETITION

### I.  No Potential Outcome Here Could Result in the Dismissal of this Case.

Defendants avoid directly confronting the requirement that the case be transferred if the district court lacks personal jurisdiction over them. Instead, they argue in a general sense that "this Court's precedent establishes that venue transfer questions are fit for § 1292(b) review." Petition at 11. Further, and without relevance, that "Plaintiffs have not even asked for transfer[.]" *Id.* Finally, that "Plaintiffs' argument proves too much: if they were right, then § 1292(b) review would be unavailable as a rule for questions of personal jurisdiction." *Id.*

Defendants' first argument, that venue transfer questions in general are fit for § 1292(b) review, is both irrelevant (because this is not a review of an order granting or denying transfer) and contrary to this Court's precedent. Beyond that, the sole case Defendants cite as support in this regard is *Skil Corp v. Millers Falls Co.*, 541 F.2d 554 (6th Cir. 1976). *Skil Corp.* was the rare case in which resolving a venue issue *could* truly accelerate the ultimate resolution. Within that case's convoluted procedural history:

> [o]ver the years [related] cases have shuttled between the District Courts of Northern Ohio and Illinois by transfer and retransfer in a controversy over choice of forum, with the result that there has been no trial on the merits of the litigation…This is the fourth appeal which our court has entertained.

*Id.* at 555. Seeking to halt the back-and-forth, this Court held that:

> the time has certainly come to bring order to this situation by adjudicating issues which have shuffled between the Illinois and Ohio District Courts for eight years. We should put a stop to forum-shopping and *bring to a close this protracted litigation* over the forum.

*Id.* at 559 (emphasis added).

More apposite is *Bufalino v. Kennedy*, 273 F.2d 71, 72 (6th Cir. 1959). There, where the district court had denied a motion for change of venue, this Court denied review, citing § 1292 in holding that "[t]he order appealed from is not an appealable order… [t]he fact that the ruling is an important one in the final disposition of the case does not make it appealable." *Id.* More than 60 years after it was decided, *Bufalino's* holding remains undisturbed. And in reliance on *Bufalino*, the Second Circuit later held that:

> [w]e agree with the Third and the Sixth Circuits that § 1292(b) is not available as a means to review the grant or denial of § [venue transfer] motions for incorrect evaluation of proper factors. The correctness of such an evaluation can only with difficulty be described as a 'controlling question of law'; and review of such an evaluation is not likely to advance the termination of the litigation[.]

*A. Olinick & Sons v. Dempster Bros.,* 365 F.2d 439, 443 (2d Cir. 1966).

Defendants' second argument fares no better. Whether or not Plaintiffs have asked for transfer is as immaterial as whether Defendants have asked for it. If the district court determines that it lacks personal jurisdiction on the basis that another court has personal jurisdiction over all defendants (without resorting to RICO), transfer is mandated without qualification. In fact, a partial dissent in *Flynn* took

issue with the fact that none of the parties in that case had requested a transfer, and the majority nevertheless found that dismissal in lieu of transfer was an abuse of discretion. *Flynn*, 95 F. App'x at 742 (Siler, Jr., J., Dissenting in Part).

As to Defendants' final argument on this point, § 1292(b) review is plainly available for ordinary questions of personal jurisdiction, because normally (in a non-RICO case) the appeal does not depend on the availability of another venue to host the entire case. In such cases, if the district court lacks jurisdiction over one or more defendants, the entire action often cannot be transferred and the defendants over whom jurisdiction is lacking may need to be dismissed. *See. e.g., Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.,* 692 F.3d 469, 473 (6th Cir. 2012). Defendants simply ignore this distinction, pretending that by accepting Plaintiffs' view, the "mere possibility of a transfer remedy" would foreclose interlocutory appeal. Petition at 11. The actual substance of Plaintiffs' argument is much different: in the rare cases wherein the viability of a petitioner's appeal is dependent on the availability of an alternate venue (to which transfer in lieu of dismissal would be required), interlocutory appeal cannot possibly result in dismissal or advance the ultimate termination of the case.

This circuit recognizes that where it is available, "[t]ransfer rather than dismissal of a case serves 'the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds.'" *DeSouza*

*v. JP Morgan Chase Home Lending Div.*, No. 2:13-CV-949, 2014 WL 186900, at
*2 (S.D. Ohio Jan. 14, 2014) (quoting *Flynn,* 95 F. App'x at 741). The only way the
district court's holding could be reversed is if transfer is available. That means
dismissal as a result of Defendants' desired appeal is off the table, which for the
reasons that follow forecloses such appeal altogether.

## II. The Appeal Does Not Involve a Controlling Question of Law, And an Immediate Appeal Cannot Materially Advance the Termination of the Litigation.

To demonstrate whether a question is "controlling," the moving party must
show that "resolution of the issue on appeal could materially affect the outcome of
the litigation[.]" *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1172 n. 8 (6th Cir.
1992); *see In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). Courts have
varied in their assessments of when a question would "materially affect the outcome"
of the litigation. *In re Flint Water Cases*, No. 16-CV-10444, 2018 WL 10467299, at
*2 (E.D. Mich. Oct. 31, 2018). Despite that variation, this Court has treated this
inquiry as a more "practical consideration," in which it considers whether the
interlocutory review would allow for the most efficient means to end the litigation.
*Id.*; see *Gerboc v. ContextLogic, Inc.*, 867 F.3d 675, 678 (6th Cir. 2017). Further, the
question is required to do something "more than provide expeditious review of an
issue that could otherwise be decided following final disposition," and notably, must,
if appealed, have "a tangible impact on the proceedings; and, in addition, it must also

save the Court and the litigants time and money." *In re Flint Water Cases*, No. 16-CV-10444, 2018 WL 10467299, at *2 (E.D. Mich. Oct. 31, 2018) (emphasis added).

If Defendants successfully prevailed upon this Court to adopt the requirement they seek, this case would not be dismissed—only transferred. See *Flynn*, 95 F. App'x at 741; *see also* Add. 24 ("it appears the entire case could be litigated in Florida… and transferring the matter would cause undue delay"). The mere procedural step of moving the litigation to another federal district court is not the sort of material change to the outcome of the litigation that renders an issue a controlling question of law.

Not only would interlocutory reversal not materially affect the outcome of the litigation, but it would also not save the courts and the litigants time or money. See *In re Flint Water Cases*, No. 16-CV-10444, 2018 WL 10467299, at *2 (E.D. Mich. Oct. 31, 2018). Even if Defendants achieved transfer, "the inconvenience to Defendants in litigating this matter here is no greater than the inconvenience to Plaintiffs in litigating this matter in Florida and the burden on Defendants is minimal, given that they have competent counsel located in Michigan and 'can easily conduct most of their litigation via electronic means.'" Add. 24 (citation omitted).

The district court's sound interpretation of the "interests of justice" language contained in 18 U.S.C. § 1965(b) is not a controlling question of law under this Court's standards, as even a reversal would not materially affect the outcome of the

litigation, and an appeal could cause further undue delay. For this reason alone, Defendants' motion should be denied. It is not, as they argue, whether "an immediate appeal may materially impact whether and how the litigation proceeds." Defendant's Motion for Certificate of Appealability, RE 34, Page ID #336. Rather the moving party must establish that "an immediate appeal would materially advance the litigation's ultimate termination." *Rafoth*, 954 F.2d at 1172.

The requirement that an appeal materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law. *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017). "The requirement that interlocutory appeal will materially advance the ultimate termination of the litigation 'is not a difficult requirement to understand. It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation.'" 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Fed. Prac. & Proc.* § 3930 n.39 (3d ed. 2017) (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).

Where appellate reversal would only serve to facilitate transfer to another federal district, an immediate appeal cannot materially advance the litigation's ultimate termination. In a remarkably salient opinion, the Southern District of Ohio noted that:

> Regardless of Sixth Circuit's ruling on the matter, Plaintiff's claims
> would remain to be litigated in the same manner as before, whether in

> this Court or by the Middle District of Florida. Therefore, an immediate appeal of this question would not materially advance the ultimate termination of the litigation. In fact, under the circumstances present here, 'an interlocutory appeal is as likely to cause material delay as it is to cause material advancement of the termination of the litigation.' Accordingly, the more efficient course is to move the case forward by denying certification of this question for interlocutory appeal.

*C.T. v. Red Roof Inns, Inc.*, No. 2:21-cv-05022, 2022 U.S. Dist. LEXIS 233795, at *22-23 (S.D. Ohio Dec. 30, 2022) (emphasis in original) (citation omitted).

Even a venue change in the form of a remand to state court, beyond a mere transfer among federal districts, fails to satisfy this requirement.

> While some time and resources may be expended in the interim if the case is ultimately remanded, those efforts (e.g., disclosures, paper discovery, depositions) would not be wasted, but rather could still be transferred and useful in state court litigation.

*Doe v. ProMedica Health Sys.*, No. 3:20 CV 1581, 2020 U.S. Dist. LEXIS 244914, at *7-8 (N.D. Ohio Dec. 14, 2020); see also *Terry v. J.D. Streett & Co.*, No. 4:09CV1471 FRB, 2010 U.S. Dist. LEXIS 161385, at *3-4 (E.D. Mo. Nov. 19, 2010) ("If the instant motion were granted and the Court of Appeals found in plaintiffs' favor… the 'ultimate termination' of the litigation itself would not be materially advanced. The litigation would still occur from the same point at which it currently stands; it would just proceed in state, rather than federal, court. Plaintiffs would still press their claims, the parties would still conduct discovery, file pleadings, and perhaps proceed to trial, in substantially the same manner"). In such situations, there is no prospect of materially advancing the ultimate termination of the litigation. "To

the contrary, awaiting the outcome of an interlocutory appeal at this stage might needlessly draw out the pending litigation in this Court." *ProMedica Health Sys*., 2020 U.S. Dist. LEXIS 244914, at *8.

Even if it were not already so plain, courts have considered this issue in the precise context at issue here, finding that "resolution of RICO co-conspirator jurisdiction would not serve to avoid a trial or otherwise substantially shorten the litigation." *ASI, Inc. v. Aquawood, LLC*, No. 19-763 (JRT/HB), 2021 U.S. Dist. LEXIS 21420, at *6 (D. Minn. Feb. 4, 2021) (citing 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3930 (3d ed. 2017)). Defendants cannot make a serious argument that this requirement is satisfied, so they attempt to change it. But the law is clear. An interlocutory appeal that has at most the potential to cause the litigation to proceed in a different forum does not materially advance the ultimate termination of the litigation. Such an issue is therefore categorically inappropriate for interlocutory appeal.

The out of circuit authority cited in the district court's order does not change (or even address) the clear mandate to transfer in such circumstances. In *Tieszen v. eBay, Inc*., No. 4:21-CV-04002-KES, 2022 WL 79820, at *1 (D.S.D. Jan. 6, 2022), *appeal dismissed*, No. 22-1110, 2022 WL 2793140 (8th Cir. Feb. 10, 2022), and *Gilmore v. Jones*, No. 3:18-CV-00017, 2019 WL 4417490, at *5 (W.D. Va. Sept. 16, 2019) the possibility of transfer was not at issue, ostensibly because there was

no court where all defendants could be subjected to personal jurisdiction. In contrast, however, RICO's nationwide service and venue provision ensure that there is *always* a federal venue where all defendants can be brought before the Court. *See Peters Broad.*, 40 F.4th at 441 ("Although the majority approach does not provide for absolute, nationwide personal jurisdiction over each defendant in every civil RICO case, it ensures that there will be at least one federal forum for all defendants in a single civil RICO trial.").

This case could not have been brought (without resorting to RICO jurisdiction) in Florida, the only state in which a court would have traditional (namely general) personal jurisdiction over both Petitioner-Defendants. That alone should end the matter, because the Defendants' entire putative appeal is about whether it even matters if there is another venue in which they would be subject to traditional personal jurisdiction. But even if there were another venue where such jurisdiction could be exercised, a finding that this Court lacked personal jurisdiction over the Petitioner-Defendants would merely result in transfer to that venue.

**III.    While Two Federal Courts of Appeal Have Disagreed on the Underlying Issue, There is No Intra-Circuit Split Amongst District Courts Within the Sixth Circuit.**

Defendants attempt to conjure a split of authority amongst district courts within the Sixth Circuit. They cannot point to a single case in which a district court in the Sixth Circuit held, as a threshold matter, that a RICO plaintiff must establish

that there is no other available court to satisfy the "ends of justice" requirement. Defendants identify, as purportedly conflicting authority, four cases from districts within this circuit. As seen below, while some of them cited the Ninth Circuit's caselaw in dicta on issues immaterial to their disposition, *none of them considered or rejected the Tenth Circuit's approach as a threshold matter*, and they do not establish an intra-circuit split of authority.

| Case | Analysis |
|---|---|
| *High Adventure Ministries, Inc. v. Tayloe*, 309 F. Supp. 3d 461 (W.D. Ky. 2018) | The court found that the "ends of justice" requirement was not met before even reaching (in passing, and therefore dicta) the issue of whether the action could be brought in another court. In so doing, it merely observed that some "courts have declined to exercise personal jurisdiction under the nationwide service of process available for RICO claims 'if there is a district where venue is proper as to every RICO defendant, without resort to [§ 1965].'" (at 472). |
| *M11 Motors, LLC v UP Trading, LLC*, 2017 WL 6624509 (N.D. Ohio Dec. 28, 2017) | The threshold conclusion here was that the RICO defendant over which the court lacked traditional personal jurisdiction was not a participant in the same RICO conspiracy as the defendant for whom personal jurisdiction existed. (at *2). The court cited *Butchers Union* in dicta, as it had no bearing on the outcome of the case and the court performed no independent analysis of the "ends of justice" issue and did not consider the Tenth Circuit's approach. |
| *Enginetec Corp. v. Boutin*, 2008 WL 11380215 (N.D. Ohio Dec. 5, 2008) | "[I[t cannot be said that plaintiffs raised this argument in a timely fashion. For this reason, alone, denial of plaintiffs' motion for reconsideration is appropriate." (at *8). The court went on to state, as dicta, that "[e]ven if plaintiffs had raised an argument under RICO's nationwide service provision in a timely fashion, it still would have failed." *Id*. |
| *Kerman v. Chenery Assoc. Inc.*, 2007 WL 2363283 (W.D. Ky. 2007) | A footnote in the opinion merely notes that there have been "various prognostications" about the Sixth Circuit's analysis of the RICO nationwide service of process provision in general, not even specifically relating to the "no other court" |

| | issue. (at FN 2). The court declined to "jump into the fray" and considered only traditional personal jurisdiction in its decision. |
|---|---|

While Defendants can offer no authority from courts within this circuit for the proposition that as a threshold matter, a RICO plaintiff must establish that there is no other available court to satisfy the "ends of justice" requirement, there is ample, recent, and well-reasoned authority to the contrary. As the district court noted, *Varsity Brands* and *Rexam Healthcare* expressly rejected such a requirement, adopting the Tenth Circuit's approach from *Cory v. Aztec Steel Bldg., Inc.,* 468 F.3d 1226, 1232 (10th Cir. 2006). Shortly after the district court issued its opinion on this issue, a decision was issued in *Anthony v. Van Over*, No. 3:22-cv-416, 2023 U.S. Dist. LEXIS 176603, at *11-12 (E.D. Tenn. Sep. 27, 2023), endorsing the same approach. There, the court expressly held that "[b]ecause the Sixth Circuit followed the Tenth Circuit's majority approach in *Peters Broadcast* with respect to treating the RICO SOP as the proper jurisdictional provision in civil RICO cases, the Court finds it reasonable to follow their flexible facts and circumstances approach to the 'ends of justice' requirement as well." *Id*. The district court's ruling on the issue is now one of at least four from within the circuit on the same side of the issue, and they stand without meaningful opposition given the lack of support for the view for which Defendants advocate.

## IV. The Underlying Question Was Correctly Decided Below and is Not "Cleanly Presented."

Like other district courts in the Sixth Circuit, the district court here endorsed the application of the "ends of justice" requirement adopted by, among other courts, the Tenth Circuit. *See Cory,* 468 F.3d at 1226. That application is undergirded by sound reasoning:

> [RICO's] purpose is not furthered by withholding nationwide service of process whenever all of the RICO defendants could be haled into one court for a single trial… it might also mean that some RICO violations would go unpunished whenever organized criminals operate within the same locale and cause harm in a distant state. Insulating such a criminal enterprise from liability, when, for instance, the victim is unable to finance long-distance litigation, is not consistent with RICO's purpose.

*Id.* at 1232.

District courts within this circuit have followed the Tenth Circuit's approach based on its congruity with this Court's RICO jurisdiction jurisprudence. "Because the Sixth Circuit followed the Tenth Circuit's majority approach in *Peters Broadcast* with respect to treating the RICO SOP as the proper jurisdictional provision in civil RICO cases, the Court finds it reasonable to follow their flexible facts and circumstances approach to the 'ends of justice' requirement as well." *Anthony*, 2023 WL 6307960 at *3.

The Ninth Circuit's competing approach requires that "the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986). While most courts of

appeal have not weighed in, courts situated in numerous circuits have soundly criticized that approach. *See, e.g., Am. Trade Partners, L.P. v. A-1 Int'l Importing Enterprises, Ltd.*, 755 F. Supp. 1292, 1305 (E.D. Pa. 1990) ("The court, there, improperly reads language of limitation into the statute. Nowhere in section 1965(b) does it say that there must not be some other appropriate forum. The statute is silent on that issue. If Congress had intended to limit subsection (b) it could have done so. I refuse to imply terms into the plain language of a statute that was passed by Congress."); *Magic Toyota, Inc. v. Se. Toyota Distributors, Inc.*, 784 F. Supp. 306, 311 (D.S.C. 1992) ("the Ninth Circuit's interpretation of § 1965(b) is too restrictive…. this Court does not believe that the availability of an alternative forum should be the sole factor in determining whether the ends of justice require extending personal jurisdiction."); *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 782 (N.D. Tex. 2008) ("[t]he court agrees with the reasoning of *Cory* and declines to follow the Ninth Circuit's restrictive interpretation of § 1965(b).").

This Court has recently declined to weigh in on this very issue. *See Peters Broad.*, 40 F.4th at 441 ("We need not, and therefore do not, delve into the meaning of § 1965(b)'s 'ends of justice' language because there is no initial defendant that meets the requirements of § 1965(a)"). At least one other federal circuit has recognized the unnecessity of confirming its position in a case where no other district would have traditional jurisdiction in any event. *Laurel Gardens, LLC v. Mckenna*,

948 F.3d 105, 121 (3d Cir. 2020) ("We need not—and do not—decide whether the Ninth or the Tenth Circuit is correct because, as we explain below, Plaintiffs establish both that no other district would have traditional jurisdiction over all defendants…").

## CONCLUSION

If there is no other district that could exercise personal jurisdiction over all Defendants without resorting to RICO jurisdiction, Defendants have nothing to appeal. If there is such a district, binding authority prohibits the district court from dismissing this case even if this Court reverses the district court's holding on the "ends of justice" issue. The only permissible result would be transfer. Therefore, there is no scenario in which Defendants' appeal could properly result in the dismissal of this action, and the Court should therefore deny permission to appeal.

Dated: March 7, 2024                    Respectfully submitted,


**Liddle Sheets Coulson P.C.**

s/ Nicholas A. Coulson
Nicholas A. Coulson
975 E. Jefferson Avenue
Detroit, MI 48207
Telephone: (313) 392-0015
Facsimile: (313) 392-0025
ncoulson@lsccounsel.com

*Counsel for Plaintiffs-Respondents*

## CERTIFICATE OF COMPLIANCE

1. This answer complies with the length limitation Fed. R. App. P. 5(c)(1) because it contains 5,165 words, excluding the parts of the petition exempted by Fed. R. App. P. 5(b)(1)(E) and Fed. R. App. P. 32(f).

2. This Petition complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14 point size.

Dated: March 7, 2024                          **Liddle Sheets Coulson P.C.**

                                             s/ Nicholas A. Coulson
                                             *Counsel for Plaintiffs-Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2024, I electronically filed this Answer to Petitioner's Petition for Permission to Appeal with the Clerk of this Court using the appellate CM/ECF system. I further certify that on the same day, I caused true and correct copies of this Answer, with any attachments, to be served by email and overnight mail at these addresses:

R. Trent Taylor

Brian D. Schmalzbach

MCGUIREWOODS LLP

Gateway Plaza

800 East Canal Street

Richmond, VA 23219-3916

(804) 775-1182

rtaylor@mcguirewoods.com

BSchmalzbach@mcguirewoods.com