# No. 24-0102

In the

# United States Court of Appeals
## For the Sixth Circuit

---

AARON HALL, KATHERINE GLOD, and JEFFREY BINDER, on behalf of themselves and all others similarly situated,

    *Plaintiffs-Respondents*,

v.

TRIVEST PARTNERS L.P. and TGIF POWER HOME INVESTOR, LLC,

    *Defendants-Petitioners*,

and

WILLIAM JAYSON WALLER,

    *Defendant*.

---

From the United States District Court for the Eastern District of Michigan
Case No. 4:22-cv-12743
(The Honorable F. Kay Behm)

---

### REPLY IN SUPPORT OF
### PETITION FOR PERMISSION TO APPEAL
### UNDER 28 U.S.C. § 1292(b)

---

Brian D. Schmalzbach
R. Trent Taylor
Frank Talbott V
**McGuireWoods LLP**
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-4746

*Counsel for Defendants-Petitioners*

## TABLE OF CONTENTS

                                                                                **Page**

INTRODUCTION ..................................................................................................1

I.    Section 1292(b) review is appropriate for the denial of a motion to dismiss based on a disputed question of personal jurisdiction. ...............................................................................2

II.   The controlling question of law is properly presented here because Florida provides an appropriate forum with jurisdiction over all Defendants. .............................................................7

CONCLUSION .....................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander & Alexander Servs. Inc. v. Lloyd's Syndicate 317*,
   925 F.2d 44 (2d Cir. 1991) ..................................................................................7

*B.D. by and through Myer v. Samsung SDI Co.*,
   91 F.4th 856 (7th Cir. 2024) ................................................................................7

*Bufalino v. Kennedy*,
   273 F.2d 71 (6th Cir. 1959) ..................................................................................6

*Donatelli v. Nat'l Hockey League*,
   893 F.2d 459 (1st Cir. 1990) ................................................................................7

*Flynn v. Greg Anthony Constr. Co.*
   95 F. App'x 726 (6th Cir. 2003) ...........................................................................4

*Grove Press, Inc. v. Angleton*,
   649 F.2d 121 (2d Cir. 1981) .................................................................................7

*Growden v. Ed Bowlin & Assocs., Inc.*,
   733 F.2d 1149 (5th Cir. 1984) ..............................................................................7

*Hutson v. Fehr Bros., Inc.*,
   584 F.2d 833 (8th Cir. 1978) ................................................................................7

*In re Ingram Barge Co.*,
   2021 WL 131225 (6th Cir. Jan. 13, 2021) ........................................................3, 7

*Johnston v. Multidata Sys. Int'l Corp.*,
   523 F.3d 602 (5th Cir. 2008) ................................................................................7

*Kirkpatrick v. Hauser*,
   959 F.2d 234 (6th Cir. 1992) ................................................................................6

*Skil Corp. v. Millers Falls Co.*,
   541 F.2d 554 (6th Cir. 1976) ................................................................................5

**Statutes**

18 U.S.C. § 1965(b) ..................................................................................... 1, 2, 7, 9

28 U.S.C. § 1292(b) .............................................................................. 1, 2, 3, 5, 6, 7

28 U.S.C. § 1404(a) ............................................................................................... 5

**Other**

Class Action Compl., *Fuchs v. Power Home Solar LLC D/B/A Pink Energy*,
   Case No. 8:22-cv-2209 (M.D. Fla. Sept. 23, 2022) ....................................... 8, 9

## INTRODUCTION

This petition offers an opportunity to resolve an undisputedly important and open question of pure statutory interpretation that the parties agree has divided federal courts: must plaintiffs invoking nationwide jurisdiction under civil RICO's "ends of justice" exception, 18 U.S.C. § 1965(b), show that no district court would have jurisdiction over all defendants? Because all Defendants are subject to jurisdiction in another district, there is no need for that "ends of justice" exception here. And the order denying Petitioners' motion to dismiss on that ground satisfies all the requirements for review under 28 U.S.C. § 1292(b).

These Plaintiffs offer two primary reasons for letting the unresolved split on this question fester. Neither is persuasive.

*First*, Plaintiffs contend that the remedy for lack of personal jurisdiction here is transfer rather than dismissal, and that transfer orders should never be reviewed under § 1292(b). That contention is doubly wrong. No party requested transfer here, so that is no obstacle to granting Petitioners' motion to dismiss. In any event, this Court clearly would have the authority to address questions related to transfer in the § 1292(b) context.

*Second*, Plaintiffs deny that the controlling question of law is actually presented here. They are wrong: Florida provides an appropriate forum with jurisdiction, based on exactly the same theory of jurisdiction that Plaintiffs invoke over Defendant Waller in Michigan. The district court was right that Florida thus would have jurisdiction and—under the correct interpretation of § 1965(b)—the district court would not. So there is no obstacle to granting the Petition and resolving this important question.

**I.    Section 1292(b) review is appropriate for the denial of a motion to dismiss based on a disputed question of personal jurisdiction.**

The disputed question of RICO jurisdiction presented here satisfies the statutory requirement of a "controlling question of law" that "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also* Petition 7-8, 10-12.[1] Plaintiffs resist that conclusion based

---

[1] There remains no dispute that the Petition satisfies the requirement that "there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b); Petition 8-10; Plfs.' Opp. to Motion to Certify, ECF 36, PageID.422 ("Plaintiffs willingly concede that there is a circuit split on the underlying issue, on which the Sixth Circuit has not yet opined. That appears sufficient to resolve the issue."). Plaintiffs nitpick whether there is *also* substantial ground for difference of opinion based on an intra-circuit split. Answer 15-17. Given their agreement that this element is satisfied, the Court need not resolve whether—as Plaintiffs insist—every court within the Sixth Circuit that adopted the Ninth Circuit's position happened to do so only in dicta.

2

on a demonstrably false premise: that "[a]n interlocutory appeal that has at most the potential to cause the litigation to proceed in a different forum does not materially advance the ultimate termination of the litigation." Answer 14. "Such an issue," in their telling, "is therefore *categorically inappropriate for interlocutory appeal.*" *Id.* (emphasis added). Plaintiffs err in two respects. First, Defendants' motion to *dismiss* plainly offers more than just the possibility of *transfer*, which Plaintiffs never requested here anyway. And in any event, Sixth Circuit precedent establishes that § 1292(b) review is appropriate even if no more than transfer were on the table.

1. It is undisputed that resolution of a legal question resulting in dismissal is a sufficient basis to conclude that a question is controlling and would materially advance the ultimate termination of the case. This includes jurisdictional questions like the one posed here. *See In re Ingram Barge Co.*, 2021 WL 131225, at *1 (6th Cir. Jan. 13, 2021) (granting petition under § 1292(b) and stating that "[w]hether the district court has personal jurisdiction over Bunge is central to the five dismissed claims, making it a controlling question of law which, if resolved, would materially affect the outcome of the case").

3

Plaintiffs hang their hat on potential transfer of this litigation. Answer 8-9. But as the district court correctly recognized, Trivest and TGIFPHI never requested that—they sought dismissal. *See* Add. 45. And as a result, dismissal would be the likely remedy if this Court resolved the issue in Trivest's and TGIFPHI's favor. *See* Add. 42 ("If the Sixth Circuit were to disagree with this court's conclusion, it would likely result in a dismissal of this action against Defendants Trivest and TGIF[PHI].").

Plaintiffs' contrary argument hinges on an opinion for a single judge in an unpublished case. In *Flynn v. Greg Anthony Constr. Co.*, Judge Moore authored the opinion Plaintiffs cite, but Judge Siler dissented in relevant part, and Judge McKinley pointedly concurred in the result *only*. *See* 95 F. App'x 726 (6th Cir. 2003) (unpublished). Judge Siler's opinion offers the better view anyway. There, as here, none of the parties to the appeal "ha[d] preserved, or ha[d] even asserted" that transfer was appropriate. *See id.* at 742 (opinion of Siler, J.). That opinion then explained that the district court could not have abused its discretion in failing to transfer "when it [was] not given the opportunity to do so by the litigants." *Id.* Thus, Judge Siler would have found no abuse of discretion in dismissing the case "when no party

4

requested the transfer." *Id.* The same logic should prevail here: dismissal is the remedy for lack of jurisdiction.

2. In any event, Plaintiffs err in their "categorica[l]" argument that orders resulting in transfer are not subject to § 1292(b).[2] Answer 14. To the contrary, circuit precedent establishes questions that result in venue transfer are fit for 1292(b).

*Skil Corp. v. Millers Falls Co.* is squarely contrary to Plaintiffs' categorical approach. There, this Court addressed the issue of transfer pursuant to 28 U.S.C. § 1404(a). 541 F.2d 554, 555 (6th Cir. 1976). The district court had transferred the matter to a different district court, and this Court addressed that transfer order through § 1292(b) review. *Id.* at 559. Plaintiffs' unsupported claim that it is a "rare case," Answer 7, does not make it any less fatal to their "categorical" position.

---

[2] As the Petition showed, it follows from Plaintiffs' argument that questions of personal jurisdiction could not generally be reviewed under § 1292(b) because—in Plaintiffs' mistaken view—transfer would be required rather than dismissal. Petition 11-12. Plaintiffs now recognize that cannot be right. Answer 9 ("§ 1292(b) review is plainly available for ordinary questions of personal jurisdiction"). So instead they try to gerrymander their § 1292(b) theory (on grounds that are not easy to follow) to fit only petitions that "do[] not depend on the availability of another venue to host the entire case." *Id.* But Plaintiffs do not (and cannot) show that any of the many cases granting § 1292(b) review of personal jurisdiction questions are so limited.

*Bufalino v. Kennedy*, 273 F.2d 71 (6th Cir. 1959), does not support Plaintiffs' categorical rule because it doesn't even address § 1292(b). Answer 8. There, this Court dismissed an attempted appeal of a transfer order since it was not a final, appealable order. 273 F.2d at 71-72. The Court merely cited to §§ 1291 and 1292 *generally* for the proposition that the order was not appealable. *Id.* The brief opinion does not even address § 1292(b) substantively, which had only recently been enacted.[3]

As the Petition showed, it follows from Plaintiffs' argument that questions of personal jurisdiction could not generally be reviewed under § 1292(b) because—in Plaintiffs' mistaken view—transfer would be required rather than dismissal. Petition 11-12. Plaintiffs now recognize that view cannot be right. Answer 9 ("§ 1292(b) review is plainly available for ordinary questions of personal jurisdiction"). So instead they try to gerrymander their § 1292(b) theory to exclude only petitions that "do[] not depend on the availability of another venue to host the entire case." *Id.* The

---

[3] By contrast, when the panel dismissed the transfer appeal in *Kirkpatrick v. Hauser*, 959 F.2d 234 (6th Cir. 1992) (table decision), it specified that there was no appellate jurisdiction because the transfer order "ha[d] not been certified for review by the district court under 28 U.S.C. § 1292(b)"—implying that it *could* have been certified.

6

rationale for that gerrymander is not easy to follow. In any event, Plaintiffs offer no authority for their theory of when § 1292(b) review is available for questions of personal jurisdiction.[4]

In the end, it makes sense to let § 1292(b) resolve disputed questions of personal jurisdiction whether the result is dismissal or transfer.

## II. The controlling question of law is properly presented here because Florida provides an appropriate forum with jurisdiction over all Defendants.

Plaintiffs also ask the Court to ignore the simmering split over § 1965(b) on the theory that no forum has jurisdiction over all Defendants anyway. Answer 1 n.1 & 5. In particular, they contend that Florida could not exercise personal jurisdiction over Defendant Waller, the defendant over whom Plaintiffs contend the Michigan court has traditional personal

---

[4] As is now undisputed, this Court and other courts of appeals commonly grant § 1292(b) petitions to resolve questions of personal jurisdiction. *See, e.g., In re Ingram Barge Co.*, 2021 WL 131225, at *1; *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 604-05 (5th Cir. 2008); *Alexander & Alexander Servs. Inc. v. Lloyd's Syndicate 317*, 925 F.2d 44, 45 (2d Cir. 1991); *Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 461 (1st Cir. 1990); *Growden v. Ed Bowlin & Assocs., Inc.*, 733 F.2d 1149, 1150 (5th Cir. 1984); *Grove Press, Inc. v. Angleton*, 649 F.2d 121, 122 (2d Cir. 1981); *Hutson v. Fehr Bros., Inc.*, 584 F.2d 833, 834 (8th Cir. 1978) (en banc); *see also, e.g., B.D. by and through Myer v. Samsung SDI Co.*, 91 F.4th 856, 859 (7th Cir. 2024) (per curiam). If Plaintiffs' curious constriction of § 1292(b) were the law, it would be surprising that no court has ever addressed it.

7

jurisdiction. But as the district court correctly noted, "it appears the entire case could be litigated in Florida," including the claims against Waller. Add. 24.

Plaintiffs' same theory why Waller is subject to jurisdiction in *Michigan* would likewise create personal jurisdiction over him in *Florida*. Their theory for haling him into Michigan court centers on his conducting business through PHS/PE. Plaintiffs contend that he "personally transacted business within Michigan *through* PHS/PE and caused consequences within the state resulting in an action for tort" against a putative class of nationwide buyers. Plfs.' Opp. to Motion to Dismiss, ECF No. 18, PageID.169.

The same argument applies to Florida. PHS/PE was registered to do business there. *See* Reply in Support of Motion to Dismiss, ECF No. 20, PageID.192 n.1. Just as PHS/PE had an office in Michigan, PHS/PE maintained an office in Florida during the relevant period. *See, e.g.*, Class Action Compl. ¶ 9, *Fuchs v. Power Home Solar LLC D/B/A Pink Energy*, Case No. 8:22-cv-2209 (M.D. Fla. Sept. 23, 2022) ("Plaintiff Fuchs was employed at [PHS/PE's] business located in Oldsmar, Florida.").[5] Defendant Waller thus

---

[5] *Fuchs* is a class action related to employee layoffs under the Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act"). *Fuchs*

8

personally transacted business within Florida through PHS/PE and caused consequences within the state resulting in an action for tort by Florida residents—just as Plaintiffs say suffices for jurisdiction in Michigan. *See* Reply in Support of Motion to Dismiss, ECF No. 20, PageID.192 n.1 ("[T]he same argument would apply in Florida given that Plaintiffs assert a nationwide class, and . . . PHS/PE was registered to do business in Florida in the relevant time period."). The district court thus was right that Defendants would prevail under the Ninth Circuit's interpretation of § 1965(b): Florida's jurisdiction over all Defendants "would likely result in a dismissal of this action against Defendants Trivest and TGIF[PHI]." Add. 42.

## CONCLUSION

The Court should grant permission to appeal the district court's order denying Trivest's and TGIFPHI's Motion to Dismiss.

Dated: March 15, 2024            Respectfully submitted,

                                                **MCGUIREWOODS LLP**

                                                */s/ Brian D. Schmalzbach*

---

Class Action Compl. ¶ 1. According to the docket, however, that case is stayed by the bankruptcy of PHS/PE.

>Brian D. Schmalzbach
>R. Trent Taylor
>Frank Talbott V
>Gateway Plaza
>800 East Canal Street
>Richmond, VA 23219
>Telephone: (804) 775-4746
>Facsimile: (804) 698-2304
>bschmalzbach@mcguirewoods.com
>
>*Counsel for Defendants-Petitioners*

## CERTIFICATE OF COMPLIANCE

1. This reply complies with the length limitation of Fed. R. App. P. 5(c)(1) and 32(a)(7)(B)(ii) because it contains 1,995 words, excluding the parts of the reply exempted by Fed. R. App. P. 5(b)(1)(E) and Fed. R. App. P. 32(f).

2. This reply complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14 point size.

Dated: March 15, 2024                **MCGUIREWOODS LLP**

*/s/ Brian D. Schmalzbach*
*Counsel for Defendants-Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2024, I electronically filed this reply with the Clerk of this Court using the appellate CM/ECF system, which will also serve counsel of record. I further certify that on the same day, I sent a copy of the foregoing document via U.S. Mail to the addresses below:

> Nathan J. Fink
> FINK BRESSACK
> 38500 Woodward Ave, Suite 350
> Bloomfield Hills, MI 48304
> nfink@finkbressack.com
>
> Katie L. Howayeck
> DARROWEVERETT LLP
> One Turks Head Place, Suite 1200
> Providence, RI 02903
> khowayeck@darroweverett.com
>
> *Attorneys for Defendant*
> *William Jayson Waller*

MCGUIREWOODS LLP

*/s/ Brian D. Schmalzbach*
*Counsel for Defendants-Petitioners*